THE PEOPLE OF THE STATE OF NEW YORK, on the Complaint of
FRANCIS X. MULREAN, Respondent, *v.* RICHARD FOX, Appellant.

First Department, March 24, 1939.

*Michael Giller*, for the appellant.

*Charles C. Tillinghast, Jr., Deputy Assistant District Attorney,*
of counsel [*Thomas E. Dewey, District Attorney*, attorney], for the
respondent.

UNTERMYER, J. The defendant has been convicted of the viola-
tion of subdivision 5 of section 70 of the Vehicle and Traffic Law,
in that at about eleven-thirty on the evening of December 28, 1938,
he operated an automobile while intoxicated.

The immediate occasion for the arrest was the fact that the
defendant was operating the automobile without lights. The
arresting officer, however, detected the odor of liquor on the defend-
ant's breath and then charged him with driving while intoxicated.
The defendant refused to submit to the intoxication test commonly
applied, contending that there was no basis for the charge.

The evidence of the police officer, the only witness for the People,
did not establish the defendant's intoxication, if, indeed, it may not
be said to have established precisely the contrary. On direct
examination, first by the court and then by the district attorney,
the officer testified: " Q. Now describe the appearance of this man
at the time you took him from the car and his conduct, his character
of speech and his gait?   A. His appearance was neat.   Q. No, I

mean the appearance of his face? A. The appearance of his face was normal. The only thing about him was the smell of liquor on his breath, your Honor. * * * Q. How was his walk? A. His walk was all right. Q. Was his conversation coherent? A. It was. Q. Were his eyes normal? A. They were. Q. Did you ask him if he had been drinking? A. I did; he said ' Yes, he had a couple of beers.' * * * Q. Was the automobile operating at a high rate of speed? A. No, it was not. The only thing is there wasn't any lights. He was going about 20, 25 miles an hour."

It is true that when pressed by the court to explain his reasons for making a charge of intoxication, the officer stated that " he [the defendant] staggered slightly from the car," that his face was " slightly flushed," and that his speech " at times was slurred, but he knew exactly what he was talking about." He testified that from all these circumstances he had concluded that the defendant was intoxicated.

The officer's conclusion, however, was without foundation in the facts to which he had testified. The odor of liquor on the defendant's breath was not proof of intoxication, as the magistrate appears to have recognized, for it was entirely consistent with the defendant's explanation to the officer and with his testimony at the trial, that " he had a couple of beers." In so far as the other circumstances relating to the defendant's condition are concerned, the total value of the officer's evidence was exactly *nil*, for each fact to which he testified, on which the People might rely as tending to establish intoxication, was nullified by his own testimony directly to the contrary. Under these circumstances it cannot be said that the defendant's guilt was established beyond a reasonable doubt.

The judgment should be reversed, the information dismissed and the fine remitted.

MARTIN, P. J., and CALLAHAN, J., concur; DORE and COHN, JJ., dissent and vote to affirm.

Judgment reversed, the information dismissed and the fine remitted.